UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00389-KDB

| PIERRE BROWNING, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| MECKLENBURG COUNTY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff paid the filing fee in this matter.

I.     BACKGROUND

Pro se Plaintiff Pierre Browning ("Plaintiff") is a pretrial detainee currently housed at the Scotland County Jail in Laurinburg, North Carolina. He filed this action on March 11, 2024, pursuant to 18 U.S.C. § 1983, in the United States District Court for the Middle District of North Carolina, against Defendants Mecklenburg County and David Lange, whom Plaintiff sues in his individual capacity.[1] [Doc. 1].

Plaintiff alleges as follows. He was charged with unidentified offenses on March 16, 2023, and hired Defendant Lange as his attorney in June 2023. After about a month "and still up until this day," Plaintiff has not heard from Defendant Lange. Plaintiff has had three court dates pass and "[has] no clue what was said at any." Plaintiff has tried unsuccessfully to contact Defendant Lange from several different phones, but Defendant Lange blocks every number. Plaintiff paid

---

[1] The Middle District transferred the action here on April 12, 2024. [Doc. 4].

Defendant Lange $5,000 cash to represent him. [Id. at 5].

Plaintiff purports to state a claim for "malpractice" and under "15A-601(c)"[2] and the Fourth and Eighth Amendments. [Id. at 3]. Plaintiff seeks dismissal of his pending charges; monetary relief from Defendant Mecklenburg County because Plaintiff has been "forced to sit in jail causing [him] to lose [his] house, cars, clothes and money;" and return of the $5,000 fee he paid Defendant Lange "plus 20k for the neglect of his client." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

[2] Section 15A-601 of the North Carolina General Statutes regards a state defendant's first appearance on criminal charges. It creates no civil liability and will not be addressed further.

2

**III. DISCUSSION**

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

First, Defendant Lange is not a state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Defendant Lange is not subject to suit under § 1983 and he will be dismissed as a Defendant in this matter.[3]

Second, Plaintiff has failed to state a claim for relief against Defendant Mecklenburg County. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not

---

[3] To the extent the Plaintiff wants the Court to exercise supplemental jurisdiction over Plaintiff's state law claim against Defendant Lange for malpractice, the Court declines to do so because no federal claim passes initial review.

3

extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff has failed to allege that any acts were taken in furtherance of a municipal policy or custom. Thus, Plaintiff has failed to state a claim for relief against Defendant Mecklenburg County and the Court will dismiss this Defendant.

Moreover, it also appears that Plaintiff remains detained related to his March 2023 arrest. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained and that it appears that the state court proceeding is ongoing, it also appears that the Court must abstain from interfering in the ongoing state proceedings.

In sum, Defendant Lange is not a state actor subject to § 1983 liability, Plaintiff has failed to state a claim for relief against Defendant Mecklenburg County, and the Court must abstain from interfering in any ongoing state court proceedings. The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and to otherwise state a claim upon which relief may be granted, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Lange and Mecklenburg County are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: April 17, 2024

Kenneth D. Bell
United States District Judge